IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OSCAR MARTINEZ, | : |
| Plaintiff, | : |
| v. | : Civ. No. 17-922-LPS |
| MICHELLE MARCANTUNO, et al., | : |
| Defendants. | : |

Oscar Martinez, Newark, Delaware, Pro Se Plaintiff.

## MEMORANDUM OPINION

March 13, 2019
Wilmington, Delaware

[signature] STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Oscar Martinez ("Plaintiff"), a former inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, now released, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 2, 6) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 8, 26) He seeks injunctive relief and requests counsel. (D.I. 13, 20) The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II. BACKGROUND

Plaintiff was placed on suicide watch in 2016. He alleges that following the 2016 dismissal of a complaint he had filed in the Delaware Superior Court against Defendant Connections C.S.P. ("Connections"), medical and mental health care providers retaliated against him for his continued complaints about the lack of care.

Specifically, Plaintiff alleges that in April 2017, Defendant Michelle Marcantuno ("Marcantuno") retaliated against him when she took him off all mental health medication. He alleges that Marcantuno told Plaintiff that if he continued to complain, she would take him off the medication for two months. Plaintiff alleges that as of July 2017, Marcantuno and the entire mental health staff refuse to meet with him. He further alleges that medical staff and mental health practitioners are under-prescribing his medications. He constantly complains to seek an increase in dosage, but medical and mental health refuse to help. Plaintiff alleges that he personally told Defendant Peter Osinibi ("Osinibi") he would kill someone when he is released if his issues are not addressed.

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

Plaintiff alleges that Connections fails to promptly acknowledge and provide the minimum appropriate care for mentally ill inmates. He alleges that inmates are retaliated against for being outspoken when requests for legal calls are not scheduled and sick call requests are not honored. Plaintiff alleges that he does not receive treatment in a confidential setting and the rounds in restrictive housing consist of a contractor who looks in the window without engaging in any conversation. Plaintiff alleges that Connections fails to address his mental health status and continues to threaten him with PCO (psychiatric close observation) status by placing him on suicide watch without clothing. Plaintiff feels he is in imminent danger of harm to himself and others and is frustrated with the level of care.

Plaintiff filed his complaint on July 10, 2017. (D.I. 1) He filed an Amended Complaint ("Complaint") on July 24, 2017. (D.I. 6) For relief, Plaintiff seeks a court-ordered medical opinion by an outside medical provider, an evaluation by Rockford or MeadowWood Hospital, and compensatory damages. On March 28, 2018, Plaintiff filed a motion for injunctive relief to receive treatment for his mental illness. (D.I. 13) He also requests counsel. (D.I. 20)

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however

2

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Personal Involvement.

Even when liberally construing Plaintiff's allegations, the facts do not indicate any violations of Plaintiff's constitutional rights. Plaintiff names a number of defendants, but only Marcantuno and Osinibi are specifically referred to in the Complaint. As a result, the claims are facially deficient. *See Ashcroft*, 556 U.S. at 676-77; *see also Solan v. Ranck*, 326 F. App'x 97, 100-01 (3d Cir. May 8, 2009) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs."). The Complaint does not allege any direct or personal involvement by Defendants David Yunis, Stephanie Mitchell, Paulo Munoz, Carla Miller, or Kathleen Gustafenson. In addition, Plaintiff's

4

allegation that he told Osinibi he would kill someone when released from prison falls far short from raising a constitutional violation claim.

**B.    Retaliation.**

The retaliation claim is also deficiently pled. "Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under § 1983." *White v. Napoleon*, 897 F.2d 103, 111-12 (3d Cir. 1990). Proof of a retaliation claim requires Plaintiff to demonstrate that: (1) he engaged in protected activity; (2) he was subjected to adverse actions by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take adverse action. *See Carter v. McGrady*, 292 F.3d 152, 158 (3d Cir. 2002) (citing *Mt. Healthy Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)); *see also Allah v. Seiverling*, 229 F.3d 220 (3d Cir. 2000) (factfinder could conclude that retaliatory placement in administrative confinement would "deter a person of ordinary firmness from exercising his First Amendment rights") (internal citations omitted). The causation element requires a plaintiff to prove either: (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link. *See Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007); *Krouse v. American Sterilizer Co.*, 126 F.3d 494, 503-04 (3d Cir. 1997).

Plaintiff has met the first element of a retaliation claim. However, the Complaint does not allege the second and third prongs of a prima facie case.

The retaliation claim against Connections is pled in a conclusory manner.

With regard to the claim against Marcantuno, the Complaint does not allege adverse treatment; the allegations that he constantly complains to have his dosages increased indicates he receives medication. Further, Plaintiff has not alleged causation through the suggestive timing of the alleged withholding of medication or a pattern of antagonism coupled with timing. The Delaware

5

Superior Court complaint was dismissed in June 2016, yet the alleged actions by Marcantuno did not take place until April 2017, some nine months later. *See Keeling v. Barrager*, 666 F. App'x 153, 155 (3d Cir. Nov. 18, 2016) (no causal connection because several months passed between filing of grievance and alleged retaliatory conduct). The claims will be dismissed as frivolous.

### C. Medical/Mental Health Needs.

Plaintiff's attempts to raise medical/mental health needs claims also fail. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976). In order to set forth a cognizable claim of a violation of this right, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *See id.* at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle*, 429 U.S. at 104-05.

"[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. Apr. 12, 2010) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *See Estelle*, 429 U.S. at 107. Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (internal citations omitted).

6

When a plaintiff relies on respondeat superior to hold a corporation liable, he must allege a policy or custom that demonstrates deliberate indifference. *See Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989); *Miller v. Correctional Med. Sys., Inc.*, 802 F. Supp. 1126, 1132 (D. Del. 1992). Hence, in order to establish that Connections is directly liable for alleged constitutional violations, Plaintiff "must provide evidence that there was a relevant [Connections] policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]." *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (because respondeat superior or vicarious liability cannot be basis for liability under 42 U.S.C. § 1983, corporation under contract with state cannot be held liable for acts of its employees and agents under those theories).

Even when reading the Complaint in the light most favorable to Plaintiff, he fails to state actionable constitutional claims against Defendants for deliberate indifference to a serious medical need. Rather, the Complaint alleges that Plaintiff is receiving mental health treatment, albeit not to his liking. In addition, the Complaint does not allege a policy, custom, or practice by Connections that amounts to deliberate indifference. Therefore, the claims will be dismissed as frivolous.

## V. REQUEST FOR COUNSEL

In his Complaint, Plaintiff requests counsel on the grounds that the issues are complex, and he has unsuccessfully sought counsel. (D.I. 6) He provides a list of his medications to support his request. (D.I. 20) The Court will dismiss the Complaint as frivolous and, therefore, Plaintiff's request for counsel will be denied as moot

## VI. INJUNCTIVE RELIEF

Plaintiff seeks injunctive relief on the grounds that he is being denied mental health treatment. (D.I. 13) Plaintiff was released from prison on May 31, 2018. (*See* D.I. 22) Because Plaintiff is no longer incarcerated, the request is moot, and injunctive relief may not issue. "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the

7

preliminary injunction is to be issued." *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985).

In the alternative, even were the motion not moot, Plaintiff has not demonstrated either the likelihood of success on the merits, nor irreparable harm to justify the issuance of immediate injunctive relief. Plaintiff states that he will be released in May 2018 and he is not mentally prepared.[2] He asks to be placed in mental health housing to alleviate his fears of doing something he will regret upon his release.

A preliminary injunction is "an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("*NutraSweet II*"). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("*NutraSweet I*"). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *See Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. July 31, 2008) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

In opposition to the motion, VCC Warden Dana Metzger ("Metzger") provides the declaration of Vincent F. Carr, D.O. ("Dr. Carr"), Medical Director of the Bureau of Correctional Health Care Services for the Delaware Department of Correction ("DOC"). (D.I. 17-1) Dr. Carr reviewed Plaintiff's medical records. The records indicate that since at least December 2015, Plaintiff received, and (through the date of the declaration) continued to receive, mental health

---

[2] Plaintiff subsequently advised the Court that he was released from prison. (*See* D.I. 22)

8

treatment through the DOC's medical provider. He is seen by mental health professionals at least once per month and receives more frequent mental health segregation rounds. He has been prescribed several medication for his condition. He was seen as late as April 4, 2018 and was expected to continue to be seen and treated until his release from prison, unless the treatment plan were to dictate otherwise.

The record indicates that, contrary to the position in his motion, Plaintiff received, and continued to receive, mental health treatment. In addition, his condition was regularly monitored by mental health professionals. In light of the foregoing, the Court finds that Plaintiff has not demonstrated either the likelihood of success on the merits, nor irreparable harm to justify the issuance of immediate injunctive relief. Therefore, the motion for injunctive relief will be denied. (D.I. 13)

## VII. CONCLUSION

For the above reasons, the Court will: (1) dismiss the Complaint as frivolous pursuant 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1); (2) deny as moot Plaintiff's request for counsel (D.I. 6, 20); and (3) deny Plaintiff's motion for injunctive relief (D.I. 13). The Court finds amendment futile.

An appropriate Order will be entered.